UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTUAN VALENTINO LITTLE,

                Plaintiff,

v.                                             Case No. 17-cv-290-pp

THOMAS GENS,

                Defendant.

---

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT NO. 13)

---

The plaintiff, who is representing himself, filed a complaint under 42 U.S.C. §1983. Dkt. No. 1. The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. That law requires courts to screen a prisoner plaintiff's complaint to identify claims with which he may proceed. 28 U.S.C. §1915A)(a).

On May 14, 2018, the court issued an order, screening the plaintiff's complaint. Dkt. No. 10. The court allowed him to proceed on a First Amendment free exercise claim against defendant Thomas Gens in both his personal and official capacities. The court found, however, that the plaintiff had failed to state a First Amendment retaliation claim against Gens. It also found that the plaintiff had failed to state claims against defendants Captain Berg, Robert Humphrey and Captain Campbell, and it dismissed them as defendants. Id.

1

On May 30, 2018, the court received from the plaintiff a motion for reconsideration. Dkt. No. 13. While the plaintiff agrees with the court's decision to dismiss defendant Humphrey, he asks the court to allow him to proceed on a retaliation claim against Gens and on First Amendment religious claims against Berg and Campbell. The court will deny the plaintiff's motion.

Under Rule 54(b), an order adjudicating "fewer than all the claims or rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). In those circumstances, motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

The plaintiff does not identify a "manifest error" of law or fact; he merely disagrees with the court's analysis. The court explained in its screening order why the plaintiff does not state a retaliation claim. Dkt. No. 10 at 8. The plaintiff's allegations demonstrate that Gens wrote the conduct report because the plaintiff did not comply with his order to return to his cell. The question at issue in this case is whether Gens's order, which interfered with the plaintiff exercising his religious rights, was permissible in the first place. That is a First

Amendment free exercise claim, not a retaliation claim. The plaintiff argues that, because the institution handbook allows inmates to use the bathrooms at any time for the purposes of using the toilet, the only possible reason that Gens could have had for ordering him back to his cell was retaliation. Dkt. No. 13 at 2. This argument is not logical; if the handbook specified that the bathroom was open twenty-four hours only for the purpose of toilet use, then Gens *did* have a reason other than retaliation to require the plaintiff to return to his cell: institution policy. The plaintiff also argues that once he obtains the discovery, he will have evidence to show retaliation. Id. If that is the case, the plaintiff may file a motion asking leave to amend the complaint at that time.

The court also explained why the plaintiff does not state claims against Berg or Campbell. Id. at 9-10. The court dismissed those defendants because the plaintiff did not allege any personal involvement on their parts. Their involvement was confined to the disciplinary process relating to the plaintiff's admitted disobedience of a direct order. The plaintiff's motion to reconsider does not provide any additional information indicating that these individuals were personally involved in depriving him of his constitutional rights; he simply reiterates that they disciplined him without regard to those rights. Dkt. No. 13 at 4.

The plaintiff has not shown any manifest error of law or fact, and he has not presented any newly-discovered evidence. If, once the discovery process is complete, the plaintiff comes across new evidence that he believes supports the dismissed claims (or claims against the dismissed defendants), he may file a

motion asking for permission to amend the complaint, and the court will consider that motion.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 13.

Dated in Milwaukee, Wisconsin this 9th day of July, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**